1 | Gary Sirota (State Bar No. 136606)
2 | Robert Berkowitz (State Bar No. 227888)
  | **COAST LAW GROUP, LLP**
3 | 169 Saxony Road, Suite 204
  | Encinitas, California  92024
4 | Tel:  (760) 942-8505
  | Fax: (760) 942-8515
5 | Email: RBerkowitz@CoastLawGroup.com
  | Attorneys for Plaintiffs,
6 | Fractional Villas, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRACTIONAL VILLAS, INC., a California corporation<br><br>    Plaintiff,<br><br>vs.<br><br>JOSH ALLEN, an individual; and DOES 1 - 25,<br><br>    Defendants. | Case No. 08 CV 0967 W AJB<br><br>**FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>1. **INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. TX-6-613-055**<br>2. **FEDERAL UNFAIR COMPETITION VIOLATIONS**<br>3. **CALIFORNIA STATE UNFAIR COMPETITION VIOLATIONS**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>Judge: Hon. Thomas J. Whelan<br><br>Magistrate Judge: Hon. Anthony J. Battaglia |

Plaintiff FRACTIONAL VILLAS, INC. ("Plaintiff") alleges as follows:

**PARTIES**

1.    Plaintiff FRACTIONAL VILLAS, INC. ("FVI") is, and at all relevant times was, a corporation organized and existing under the law of California and has its principal place of business in Del Mar, California. Plaintiff FVI markets, advertises, and sells fractional ownership interests in luxury properties. Plaintiff FVI's website, www.FractionalVillas.com, is

———————

a fundamental part of Plaintiff's business in that it is a primary means for promoting the Plaintiff's services.

2. On information and belief, Defendant JOSH ALLEN ("Allen") is a resident of Lubbock, Texas. Upon information and belief, Plaintiff alleges Allen is doing business in several districts throughout California including, but not limited to, the Southern District of California.

3. The true names and capacities, whether individual, corporate, or associate, or otherwise, of Defendant Does 1 through 25 inclusive ("DOES"), are at this time unknown to Plaintiff, who therefore identifies such Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that said fictitiously named Defendants, and each of them, are responsible for the events and happenings herein referred to, and negligently, recklessly, and/or intentionally proximately caused the injuries and damages alleged herein to Plaintiff.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant actively participated in or subsequently ratified or adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff caused thereby.

## JURISDICTION

5. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction over Allen ("Defendant") is based on the Defendant's transaction of business in this jurisdiction as recited herein and the Defendant causing tortious injury in this jurisdiction as recited herein.

7. On information and belief, personal jurisdiction in this District is proper because Defendant knew Plaintiff's principal place of business was and is in the Southern District of California. Defendant purposefully directed activities into the Southern District of California by willfully disseminating over the Internet copyrighted works owned and controlled by Plaintiff without the consent or permission of the Plaintiff, the copyright owner.

8. On information and belief, Defendant's illegal dissemination of Plaintiff's copyrighted work occurred in every jurisdiction in the United States, including this one.

9. Plaintiff's causes of action against Defendant arise directly out of Defendant's commercial activities in the Southern District of California and Defendant's purposeful direction of activities into the Southern District of California.

**VENUE**

10. Venue is proper in this court under 28 U.S.C. §§ 1391(b) as Defendant has purposefully directed activities at this forum, including willfully infringing Plaintiff's copyright with knowledge that Plaintiff's principal place of business is in the forum. Moreover, Defendant markets, advertises, and sells fractional ownership of properties to consumers and businesses in the Southern District of California.

**ALLEGATIONS IN SUPPORT OF ALL CLAIMS**

11. Plaintiff FVI is the owner of Copyright Registration No. TX-6-613-055, entitled "Fractional Villas.com website (www.fractionalvillas.com)" ("the Copyright"). A true and correct copy of the registration is attached hereto as Exhibit "A." The Copyright was filed October 11, 2007, and the registration is effective the same date. The Copyright pertains to a web site offering fractional ownership in luxury properties. Both the web site content and source code are contained in the Copyright.

12. The work (the "Work") protected by Copyright Registration No. TX-6-613-055 is a work of authorship fixed in a tangible medium of expression that contain a substantial amount

1  of material created by the skill, labor, and judgment of Mr. Robert K. Vicino, the President of

2  Plaintiff. The Work was first published on October 5, 2007.

3      13.    The Work is a derivative work of prior versions, all of which were authored by

4  Mr. Vicino and were first published at least as early as March 27, 2005.

5      14.    The Work appears on the FVI website. A copyright notice is clearly and

6  conspicuously displayed on each page. The vast majority of the Work has appeared ont eh FVI

7  website since August 2005.

8      15.    All rights of copyright were transferred solely and exclusively by Mr. Vicino to

9  Plaintiff FVI.

10      16.    Plaintiff FVI has complied in all respects with the Copyright Laws of the United

11  States and received from the Register of Copyrights the certificate of registration for Copyright

12  No. TX-6-613-055.

13      17.    Defendant is Plaintiff's competitor. Both Plaintiff and Defendant complete for

14  business in the market of fractional ownership in luxury properties.

15      18.    Defendant has infringed Plaintiff's Copyright by using portions of the Work in

16  Defendant's Internet site and/or Internet sites under Defendant's dominion and control, thereby

17  reproducing, publicly performing, and/or creating derivative works of the Work, without the

18  consent of Plaintiff FVI.

19      19.    Defendant does not have permission or license from Plaintiff to use any portion of

20  the Work protected by the Copyright.

21      20.    Defendant has claimed ownership of copyright for the portions of the Work on

22  Defendant's website located at http://www.luxfractionalhomes.com.

23      21.    Defendant has derived and is deriving economic benefit from the infringement of

24  the Copyright. Plaintiff has been damaged and continues to be damaged by Defendant's

25  infringement of the Copyright. Defendant's infringement of the Copyright has diverted potential

26  customers away from FVI's Internet site. Defendant posted the copyrighted Work on the website

27

28

1  http://www.luxfractionalhomes.com to earn income from the sale of fractional ownership in
2  luxury properties.
3     22.   Defendant's infringement is exacerbated by the fact that the infringing web site
4  was indexed by major search engines and broadcast worldwide in response to key word searches.
5  Defendant's infringement of the Copyright has diverted potential customers away from Plaintiff
6  FVI's Internet site, because Defendant posted the copyrighted Work on the website
7  http://www.luxfractionalhomes.com to earn income from the sale of fractional ownership in
8  luxury properties.
9     23.   Plaintiff has been damaged and continues to be damaged by Defendant's
10 infringement.
11    24.   Plaintiff alleges that Defendant is aware the website infringes United States
12 Copyright Registration No. TX-6-613-055.  Nevertheless, Defendant has blatantly usurped
13 Plaintiff's concept, and has taken the content from FVI's website and claimed it as his own.

### FIRST CAUSE OF ACTION:

### INFRINGEMENT OF U.S. COPYRIGHT TX-6-613-055

### AS AGAINST ALL DEFENDANTS

17    25.   Plaintiff incorporates by reference the paragraphs as set forth above.
18    26.   Plaintiff FVI is the owner of the Copyright, the Work, and all rights appurtenant
19 thereto.
20    27.   Defendant has infringed Plaintiff's Copyright by using portions of the Work on
21 Defendant's website (located at http://www.luxfractionalhomes.com) without Plaintiff's consent.
22    28.   Furthermore, Defendant has included a copyright notice on his website, whereby
23 Defendant represents that he is the owner of the copyright of the Work. In fact, the Defendant
24 has absolutely no right to use any portion of the Work on his Website and all such use violates
25 Plaintiff's copyright interests.

29. Upon information and belief, Plaintiff alleges that Defendant's infringement, inducement of infringement, and/or contributory infringement of the Copyright has been willful, deliberate, knowing, and with wanton disregard of Plaintiff's ownership of the Copyright.

30. Upon information and belief, Plaintiff alleges that Defendant will continue to infringe, continue to induce others to infringe, and/or continue to contributorily infringe the Copyright to Plaintiff's irreparable damage unless enjoined by the court.

31. Plaintiff has been damaged by the foregoing infringing acts of Defendant in an amount that exceeds $150,000. The exact amount of such damages can be determined upon an accounting.

## SECOND CAUSE OF ACTION:
## UNFAIR COMPETITION VIOLATIONS
## AS AGAINST ALL DEFENDANTS

32. Plaintiff incorporates by reference the paragraphs as set forth above.

33. Plaintiff is informed and believes and on that basis alleges that Defendant's intentional infringement of the Copyright constitutes unfair competition 15 U.S.C. §1125(a).

34. Upon information and belief, Plaintiff alleges that Defendant's infringing use of the Work in the website at http://www.luxfractionalhomes.com is a false designation of origin and false and misleading representation of fact.

35. Upon information and belief, Plaintiff alleges that Defendant's infringing use of the Work in the website at http://www.luxfractionalhomes.com is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the sponsorship or approval of Defendant and Defendant's services by Plaintiff.

36. Upon information and belief, Plaintiff alleges that Defendant's infringement of the Copyright and other unfair, deceptive and fraudulent business practices have been willful, deliberate, knowing, and made with wanton disregard of Plaintiff's ownership of the Copyright and the origin of the Work.

37. Defendant's unlawful, unfair, deceptive and fraudulent business practices constitute despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294, and thereby justifies an award of exemplary and punitive damages against Defendant as federal law allows for the importation of state punitive damages statutes where the federal claim is tortious in nature.

38. By reason of the conduct alleged herein, Defendant is guilty of malice, oppression, and willful disregard of the rights of Plaintiff.

39. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has sustained and will sustain injury to its business and property in an amount not yet precisely ascertainable but including the loss of sales of their products and loss of reputation and goodwill.

## THIRD CAUSE OF ACTION:
## CALIFORNIA UNFAIR COMPETITION VIOLATIONS
## AS AGAINST ALL DEFENDANTS

40. Plaintiff incorporates by reference the paragraphs as set forth above.

41. Plaintiff is informed and believes and on that basis alleges that Defendant's intentional infringement of the Copyright constitutes unfair competition under state law, including without limitation Cal. Business & Professions Code §§ 17200 et seq.

42. Plaintiff is informed and believes and thereon alleges that Defendant's intentional infringement of the Copyright is an unlawful, unfair, and/or fraudulent business act or practice and constitutes unfair competition under California state law. Defendant competes with Plaintiff for customers by infringing Plaintiff's Copyright.

43. Plaintiff is informed and believes and thereon alleges that Defendant's improper and unlawful acts as alleged herein constitute unfair, deceptive, untrue, and misleading advertising, in that Defendant represents to the public that the website http://www.luxfractionalhomes.com is comprised of unique material, does not give credit to

1  Plaintiff for the Work, and wrongfully attempts to assert an ownership interest in the Plaintiff's
2  Work and/or Copyright.

3      44.    By reason of the conduct alleged herein, Defendant is guilty of malice,
4  oppression, and willful disregard of the rights of Plaintiff FVI.

5      45.    Defendant's unlawful, unfair, deceptive, and fraudulent business practices and
6  unfair, deceptive, untrue, and misleading advertising constitutes despicable, outrageous,
7  oppressive, and malicious conduct under California Civil Code § 3294 and justifies and award of
8  exemplary and punitive damages against Defendant.

9      46.    As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff FVI
10 has sustained and will sustain injury to its business and property in an amount not yet precisely
11 ascertainable, but which includes the loss of sales of fractional ownership interests in luxury
12 properties and loss of reputation and goodwill, and which is expected to exceed $150,000.

13 **PRAYER FOR RELIEF**

14 WHEREFORE, Plaintiff prays this court enter judgment against Defendant as follows:

15     1.    That a temporary restraining order and, subsequently, a preliminary injunction be
16 granted enjoining Defendant from further infringement of U.S. Copyright Registration No. TX-
17 6-613-055;

18     2.    That a permanent injunction be granted perpetually enjoining Defendant from
19 further infringement of U.S. Copyright Registration No. TX-6-613-055;

20     3.    That a temporary restraining order and, subsequently, that a preliminary
21 injunction be granted enjoining Defendant from advertising, displaying, or broadcasting over the
22 Internet a website that infringes the Copyright or any derivation thereof, or which by imitation or
23 other similarity to those of the Copyright are likely to cause confusion, mistake, dilution, or
24 persons to be deceived into the belief that Defendant's services are Plaintiff's services, or that
25 Defendant and his services are authorized, endorsed, or sponsored by Plaintiff;

26
27
28

    4.      That a permanent injunction be granted perpetually enjoining Defendant from advertising, displaying, or broadcasting over the Internet a website which infringes on the Copyright, or any derivation thereof, or which by imitation or other similarity to that of Plaintiff is likely to cause confusion, mistake, dilution, or persons to be deceived into the belief that Defendant's services are Plaintiff's services, or that Defendant and his services are authorized, endorsed, or sponsored by Plaintiff.

    5.      That a judgment be entered that Defendant has infringed, actively induced others to infringe, and/or contributorily infringed U.S. Copyright Registration No. TX-6-613-055;

    6.      That a judgment be entered that Defendant be required to pay over to Plaintiff all damages sustained by Plaintiff due to Defendant's intentional, willful, and malicious infringement of U.S. Copyright Registration No. TX-6-613-055, and such damages as this court shall deem just and proper under the Copyright Act, 17 U.S.C. §504, but not less than $150,000 for each separate infringement of Plaintiff's copyright;

    7.      That all gains, profits, and advantages derived by Defendant from his acts of infringement and other violations of law be deemed held in constructive trust for the benefits of Plaintiff;

    8.      That Defendant account to Plaintiff for his profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    9.      That punitive damages be awarded;

    10.      That costs and prejudgment interest be awarded on all damages;

    11.      That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. §§ 505 and California Business & Professions Code §§ 17200 et seq.

    12.      That an order be entered requiring Defendant to deliver up to be impounded during the pendency of this action all copies of copyrighted material in Defendant's possession and infringing U.S. Copyright Registration No. TX-6-613-055;

13. That Defendant be required to file with the court within 30 days after entry of final judgment of this cause a written statement under oath setting forth the manner in which Defendant has complied with final judgment;

14. That Plaintiff be awarded such other and further relief as the court deems appropriate.

Dated: June 27, 2008     **COAST LAW GROUP, LLP**

s/Robert Berkowitz

Robert Berkowitz
Attorneys for Plaintiff,
FRACTIONAL VILLAS, INC.
RBerkowitz@CoastLawGroup.com

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGIST **TX 6-613-055**

EFFECTIVE DATE OF REGISTRATION
Month **Oct** Day **11** Year **2007**

---

**1** TITLE OF THIS WORK ▼
FractionalVillas.com website (http://www.fractionalvillas.com)

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2 a** NAME OF AUTHOR ▼
Robert K. Vicino

DATES OF BIRTH AND DEATH
Year Born ▼ 1953   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
Citizen of ▶ USA
Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Internet website including all associated pages, text, photographs, design, code, and graphics.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2007 ◀ Year In all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month ▶ October   Day ▶ 5   Year ▶ 2007
USA ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
**Robert K. Vicino** **Fractional Villas, Inc.**
985 Jeffrey Road
Del Mar, CA 92014

APPLICATION RECEIVED
OCT 11 2007
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
OCT 11 2007
FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Transfer of all rights of copyright to Fractional Villas, Inc. by Robert K. Vicino. The company is majority owned by Robert K. Vicino.

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.
DO NOT WRITE HERE Page 1 of ___ pages

FORM TX

*Amended by CO Authority Telephone Call on 10/25/07 with Robert K. Vicino.

**Amended by CO per email received on 10/25/07 from Robert K. Vicino.

EXAMINED BY

CHECKED BY

☒ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶             Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior versions of the http://www.fractionalvillas.com website, which was first published on March 27, 2005

**a**

**6**

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Numerous html code, text, design, graphic, photographic and layout modifications have been made and updated since the original publication, on an ongoing and continuous basis.

**b**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                    Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/Zip ▼

Fractional Villas, Inc., Attn: Robert K. Vicino
985 Jeffrey Road
Del Mar, CA 92014

**b**

Area code and daytime telephone number ▶ 619-252-8311              Fax number ▶ 858-228-1772
Email ▶ rvicino@fractionalvillas.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶  ☒ author
                 ☐ other copyright claimant
                 ☐ owner of exclusive right(s)
                 ☐ authorized agent of _____
                 Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Robert K. Vicino                                        Date ▶ 10/05/2007

Handwritten signature ▼

Certificate will be mailed in window envelope to this address:

Name ▼
Robert K. Vicino

Number/Street/Apt ▼
985 Jeffrey Road

City/State/Zip ▼
Del Mar, CA 92014

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6222

**9**

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.